Matter of Weintraub (2025 NY Slip Op 04297)

Matter of Weintraub

2025 NY Slip Op 04297

Decided on July 24, 2025

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 24, 2025
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Peter H. Moulton
Justice Presiding

Motion No. 2025-03121|Case No. 2024-03858|

[*1]In the Matter of Alan Mark Weintraub an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Alan Mark Weintraub (OCA Atty Reg. 1871730), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Alan Mark Weintraub, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on June 22, 1983.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Raymond Vallejo, of counsel), for petitioner
Sinan Aydiner, Esq., for respondent.

Per Curiam 

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Alan Mark Weintraub, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on June 22, 1983.
Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Raymond Vallejo, of counsel), for petitioner
Sinan Aydiner, Esq., for respondent.
Motion No. 2025-03121
In the Matter of Alan Mark Weintraub, an attorney
Per Curiam
Respondent Alan M. Weintraub was admitted to the practice of law in the State of New York by the Second Judicial Department on June 22, 1983, under the name Alan Mark Weintraub. As respondent has maintained a law office within the First Judicial Department at all times relevant to this proceeding this Court retains jurisdiction over respondent pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR § 1240.7 [a][2]).
On April 24, 2023, in the Criminal Court of the City of New York, respondent was convicted, upon his plea of guilty, of Possession of Usurious Loan Records, a class A misdemeanor (Penal Law § 190.45). That same day respondent was sentenced to a one-year conditional discharge and $1,000 fine. The conviction stemmed from respondent's involvement in a usurious loan operation, and in particular, respondent's possession of a document containing a list of individuals and the amounts of money each owed.
Upon conviction, respondent promptly notified the Attorney Grievance Committee (the AGC), and by petition dated June 18, 2024, the AGC filed a Notice and Petition for Charges alleging misconduct in violation of rules 8.4(b) and 8.4(h) of the New York Rules of Professional Conduct (22 NYCRR 1200.0). By answer dated July 14, 2024, respondent denied the charges. On June 2, 2025, the AGC and respondent filed a joint motion for discipline by consent asking this Court to impose discipline of a public censure on respondent pursuant to 22 NYCRR 1240.8(a)(5). In the joint motion, the parties stipulated to no aggravating factors, and instead, agreed to various mitigating factors in support of the requested discipline, including that respondent has no prior disciplinary history, his misconduct did not involve the misuse or misappropriation of client funds nor any form of unjust enrichment through the use of client funds, he fully cooperated with the criminal justice system, and he accepted responsibility for his misconduct and has expressed sincere remorse.
The parties agree that public censure is appropriate discipline in light of the facts, mitigating factors, and caselaw (see e.g., Matter of Barrera, 219 AD3d 67 [1st Dept 2023] [attorney convicted of petit larceny, a class A misdemeanor, was disciplined by public censure considering the attorney's acceptance of responsibility and unblemished disciplinary history]; Matter of Samuel, 103 AD3d 134 [1st Dept 2013] [attorney convicted of criminal [*2]contempt in the second degree was disciplined by public censure considering the attorney misapprehended the law, cooperated with the DA's office, took responsibility, and did not profit from his actions]; Matter of Molina, 88 AD3d 363 [1st Dept 2011] [attorney employed at the New York State Department of Taxation and Finance convicted of official misconduct, a class A misdemeanor, for accessing confidential tax records of a company for use in a private client's civil suit was disciplined by public censure considering his acceptance of responsibility and cooperation with the AGC]).
Accordingly, the parties' joint motion should be granted, and public censure should be imposed.
All concur.
Wherefore, it is Ordered that the joint motion by the Attorney Grievance Committee for the First Judicial Department and attorney for respondent Alan Mark Weintraub for discipline by consent, pursuant to 22 NYCRR 1240.8(a)(5), is granted, and respondent is publicly censured.
Entered: July 24, 2025